UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MERLE CHAMBERS,

        Debtor.

Case No. 12-14111
Hon. Denise Page Hood

_____/

SANDRA CHAMBERS, MK CHAMBERS
COMPANY, CHAMBERS ENTERPRISES, I, LLC,
and CHAMBERS ENTERPRISES II, LLC,

        Appellants,
v.

SAMUEL D. SWEET, Trustee,

        Appellee.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE BANKRUPTCY APPEAL
### and
### ORDER CLOSING THE ACTION

This matter is before the Court on Movant/Defendant Sandra Chambers' Motion for Leave to Appeal Order Denying Motion to Dismiss issued by the Bankruptcy Court on August 16, 2012. The Trustee filed a response to the motion. A hearing was held on the matter.

It is initially noted that this matter was previously before the Court on Movant/Defendant Sandra Chambers' Motion to Withdraw the Reference, in which the Court found Chambers is entitled to a jury trial, but denied the motion without prejudice. *See, In re Chambers,* Case No. 11-11313, Doc. No. 6. The Court also denied the Motion to Withdraw the Reference until the Bankruptcy Court concluded all pre-trial matters and informed this Court that the matter was ready for trial. The Bankruptcy Court has not so notified the Court.

On December 23, 2010, Debtor Merle Chambers filed a Voluntary Petition for Relief under

Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On February 7, 2011, Plaintiff, Trustee Samuel D. Sweet, commenced an adversarial proceeding alleging several claims against Defendant Sandra Chambers and others, including Fraudulent Transfer, Recovery of the Value of the Avoided Transfer, Turnover of Records, and recovery of certain promissory notes to satisfy a $15,000 claim on Debtor's estate. In the Adversary Proceeding, Movant/Defendant Sandra Chambers filed a Motion to Dismiss for lack of subject matter jurisdiction. The Bankruptcy Court denied the motion, finding that Sandra Chambers was attempting to "appeal" or sought to "reconsider" this Court's Order denying the Motion to Withdraw the Reference without prejudice until the matter was ready for trial. *See,* Adv. Proc. Case No. 11-3071, Bankr. Opinion filed Aug. 16, 2012. This Motion for Leave to File an Appeal followed.

The district court has jurisdiction over appeals "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). A final order is an order which ends litigation on the merits leaving only the execution of the judgment remaining. *Catlin v. United States,* 324 U.S. 229, 233 (1945). An order confirming a plan of reorganization constitutes a final judgment in bankruptcy proceedings. *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992). In this case, the Debtor/Defendant Sandra Chambers is seeking to appeal an order denying a motion to dismiss, which is not a final order. Under 28 U.S.C. § 158(a)(3), a district court has jurisdiction "with leave of the court, from other interlocutory orders and decrees" from the bankruptcy court. "[I]nterlocutory bankruptcy appeals should be the exception, rather than the rule." *In re A.P. Liquidating Co.,* 350 B.R. 752, 755 (E.D. Mich. 2006). In such circumstances, under 28 U.S.C. § 1292, a district court "may permit an appeal to be taken from an order certified

2

for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 755; *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002).

In her motion, Debtor/Defendant Sandra Chambers argues that the issue before the Bankruptcy Court was whether it has subject matter jurisdiction to initially hear and make findings on the matter, not a rehearing or appeal of this Court's Order denying without prejudice her Motion to Withdraw the Reference. The Trustee responds that Debtor/Defendant Sandra Chambers is essentially seeking again to withdraw the reference, which this Court granted, but only after pretrial proceedings were complete before the Bankruptcy Court.

Reviewing the Bankruptcy Court's Order denying the Motion to Dismiss, the Court finds the order does not involve a controlling question of law, that there is no substantial ground for difference of opinion and that an immediate appeal does not materially advance the ultimate termination of the litigation. This Court ordered that the Bankruptcy Court prepare the matter for trial. Debtor/Defendant Sandra Chambers argues that the Bankruptcy Court has no power to issue findings of facts or proposed findings of fact and conclusions of law on "core" matters. However, she has not cited any such findings of fact and conclusions of law made by the Bankruptcy Court. Debtor/Defendant Sandra Chambers essentially argues that the Bankruptcy Court "may never hear and determine a non-core proceeding." (Motion, p. 6)

Local Rule 83.50 provides:

> **(a) Matters Referred to the Bankruptcy Judges**
>
> (1) Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any

> or all proceedings arising under Title 11 or arising in or related to case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

E.D. Mich. LR 83.50(a)(1). Based on the referral, this district court has referred "all cases under Title 11 ... and any or all proceedings arising under Title 11" to the bankruptcy court. The term "proceeding" is generally referred to in connection with the terms "core" and "non-core" proceedings before the bankruptcy court. The term "core proceeding" has been noted as "the restructuring of debtor-creditor relations, the core of the federal bankruptcy power," which is distinguished from the adjudication of state-created private rights, which are "non-core" proceedings. *See In re Depew,* 51 B.R. 1010, 1013 (Bkrtcy. Tenn. 1985). The term "arising under" has a well defined and broad meaning which gives bankruptcy courts jurisdiction to hear any matter under which a "claim" is made under a provision of title 11, such as a claim of exemptions. *Id.*

The Adversary Proceeding in this case involves allegations of fraudulent transfers between the Debtor Merle Chambers and others, including Movant/Defendant Sandra Chambers. Movant/Defendant Sandra Chambers admits that the Adversary Proceeding is a "core" proceeding. Congress has provided a non-exhaustive list of "core" matters in § 157(b)(2), including: 1) matters concerning the administration of the estate; 2) counterclaims by the estate against persons filing claims against the estate; 3) proceedings to determine, avoid, or recover preferences and fraudulent conveyances; 4) orders to turn over property of the estate; and 5) confirmation of plans. 28 U.S.C. § 157(b)(2). A bankruptcy court may hear and determine a core proceeding, unless a party demands a jury trial. 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 157(e). Here, the Court has agreed Chambers is entitled to a jury trial before this Court, but after the pre-trial proceedings are complete.

Movant/Defendant Sandra Chambers argues that the Adversary Proceeding, a "core" proceeding, cannot be adjudicated *as if it was* "non-core" so that the Bankruptcy Court cannot make findings of fact or proposed findings of fact on the issue. However, as noted above, Movant/Defendant Sandra Chambers has not pointed to any such findings of fact made by the Bankruptcy Court. The Bankruptcy Court order on appeal does not make any findings of fact. There is also no support submitted by the Movant/Defendant Sandra Chambers that the Bankruptcy Court has treated this Adversary Proceeding as a "non-core" proceeding. The Bankruptcy Court order appealed by Chambers does not indicate that the Bankruptcy Court is treating the Adversary Proceeding as a "non-core" proceeding. Movant/Defendant Sandra Chambers has not carried her burden that an interlocutory appeal is warranted from the Bankruptcy Court's Order denying her motion to dismiss. As noted above, the Bankruptcy Court has jurisdiction to hear matters regarding fraudulent conveyances.

Accordingly,

IT IS ORDERED that the Motion for Leave to File an Appeal from the Bankruptcy Court's Decision **(Doc. No. 1)** is DENIED.

IT IS FURTHER ORDERED that this matter is CLOSED on the Court's docket.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5